U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 20 2006

ROBERT H. _____, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| versus | CRIMINAL NO. 06-50135-10 |
| GARY ROBINSON | JUDGE S. MAURICE HICKS, JR. |

### MEMORANDUM ORDER

Before the court is a motion in limine filed by Gary Robinson ("Robinson"). See Record Document 261. For the reasons set forth below, Robinson's motion is **DENIED**.

In this motion, Robinson asks the court to exclude evidence of "any alleged staged automobile accidents and/or resulting fraudulent insurance claims, resulting from any incident not specifically alleged in the indictment as to the defendant . . . ." Record Document 261. He claims that such evidence would either be irrelevant under Rule 402 of the Federal Rules of Evidence, or would have undue prejudicial effect under Rules 403 and 404(b), and should therefore be excluded. Particularly, Robinson is concerned that the government will introduce evidence of a claim made on a policy he owned jointly with his wife, even though he did not make the claim and did not receive the payment from the insurance company. He claims that the mention of his name as the co-owner of the policy would be both irrelevant and prejudicial since the indictment does not concern this particular insurance claim.

The government argues that the insurance claims Robinson seeks to exclude will

be offered only as investigation background information and should be admissible to explain the actions of investigators. See United States v. Carrillo, 20 F.3d 617, 620 (5th Cir. 1994); see also United States v. Parker, 133 F.3d 322, 325 (5th Cir. 1998); see also United States v. Regan, 103 F.3d 1072, 1082-83 (2d Cir. 1996). The government attaches to its response a list of three claims pertaining to Robinson that it intends to reference in a limited fashion to explain how the investigation began, how evidence was gathered, and why the defendants were targeted. See Record Document 268.

The court finds that the three insurance claims the government lists are admissible for the limited purpose of providing investigative background information. If the government intends to introduce the evidence for any other purpose during trial, or to introduce evidence of any additional claims, the parties may address the issue at a sidebar with the court. Therefore;

**IT IS ORDERED** that Robinson's motion in limine (Record Document 261) be and is hereby **DENIED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of December, 2006.

/s/ Maurice Hicks
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE